**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO:    16-040** |
| **JERMAINE WHITE** | **SECTION: "R" (4)** |

## ORDER

Before the Court is Defendant Jermaine White's **Motion to Compel Discovery (R. Doc. 45)** seeking an Order from the Court to compel the United States of America (the "Government") to produce training and certification documents related to its two drug-sniffing dogs, "Spike" and "Boris." The motion is opposed. R. Doc. 57. A jury trial in this matter is scheduled currently for January 9, 2017.  R. Doc. 63.

## I.   Factual Background

This criminal action involves an allegation that Jermaine White possessed and distributed drugs and used the United States Postal Service ("USPC") as his medium. According to the warrant, on August 25, 2015, a United States Postal Inspector noticed a package in which the sender had waived the signature requirement and directed the letter carrier to leave the package at the destination if he did not receive a response at the door. R. Doc. 57-4, p. 3. The inspector investigated further and noticed that although the package listed an address, the addressee was not associated with the address. *Id.* Thereafter, "Boris" a drug detection dog with the United States Postal Inspection Service sniffed the package. Boris who is trained to alert to the presence of marijuana, cocaine, heroin, ecstasy, and methamphetamine, alerted to presence of drugs. *Id.* at 4. A similar package was noticed the next day at which time "Spike" a drug detection dog alerted to the presence of drugs. Methamphetamine (a schedule II drug) was found in both packages.

Thereafter, a controlled delivery of the packages took place with a United States Postal Inspector posing as a letter carrier. White received the package. He was then arrested and a search warrant was executed. Drugs and guns were recovered from the residence.

Based on these factual allegations, White is charged with possession with intent to distribute five hundred grams of methamphetamine (a schedule II drug), conspiracy to possess and distribute methamphetamine, and using a communication facility, the United States Postal Service, to commit his crimes in violation of 21 U.S.C. § 841(a)(1) and 846. *Id.* at 3. White is charged also with possession of a firearm in furtherance of a drug trafficking crime and possession of a firearm by a convicted felon. *Id.* at 4.

As to the instant motion, White seeks to compel discovery of records pertaining to the two drug detection dogs, Spike and Boris, which were used to establish probable cause to search the two packages in which drugs were later found. In particular, White seeks following: (1) all training, testing or certification documents for the dogs; (2) all records showing the dog performances including incidents of false-positives alerts and accurate-positive alters and the number of each; (3) all medical or veterinary records of the dogs; (4) all weekly maintenance and/or structured maintenance training records for the dogs; and (5) all records and documentation of all field activities of the dogs including every instance where the dogs have altered and whether the alters were accurate positive or false positive, and the police service dog reports prepared in these searches of the two packages, and the same reports prepared in all actual field searches conducted by the dogs. R. Doc. 45, p. 3. White acknowledges that two certificates were produced for Spike but states that nothing has been produced for Boris. White argues that these documents are discoverable because: (1) although the documents are the possession of different agencies, including the Louisiana State Police, they are in the Government's custody for the purpose of Rule

16 because of the joint effort to investigate and arrest him, and (2) the records are material to his defense to challenge the dog's reliability.

In response, the Government contends that the requests are: (1) unduly burdensome, (2) there is no reason to question the reliability of Spike and Boris that would warrant the production of the documents that White seeks, (3) in this Circuit evidence of a dog's reliability is not required in neither a warrantless nor a search with a warrant, (4) the Magistrate Judge's finding of probable cause to search the packages is entitled to great deference, and (5) production of the sought documents threatens to reveal Government training techniques. R. Doc. 57.

## II.    **Standard of Review**

Rule 16 of the Federal Rules of Criminal Procedure provides, in pertinent part:

> Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and: the item is material to preparing the defense; the government intends to use the item in its case-in-chief at trial; or the item was obtained from or belongs to the defendant.

Fed. R. Crim. P. 16(a)(1)(E). Rule 16 goes on to specify what information is not subject to disclosure, stating:

> . . .this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case. Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500.

Fed. R. Crim. P. 16(a)(2). The burden is on the Defendant to make a *prima facie* showing of "materiality" in order to obtain discovery under Rule 16. *United States v. Buckley*, 586 F.2d 498, 506 (5th Cir. 1978). "Materiality means more than that the evidence in question bears some abstract logical relationship to the issues in the case." *United States v. Ross*, 511 F.2d 757, 762–63 (5th Cir. 1975). Indeed, "[t]here must be some indication that the pretrial disclosure of the

disputed evidence would have enabled the defendant significantly to alter the quantum of proof in his favor." *Id.* The Government's obligation to disclose materials extends to items that are "within the government's possession, custody, or control." Fed. R. Crim. P. 16(a)(1)(E). Materials are clearly within the government's possession, custody or control when the prosecutor has actually reviewed them or they are within his own files. Materials within the government's possession, custody, or control extend beyond what the prosecutor has or has seen, but not infinitely.

For purposes of Rule 16, government possession custody or control extends to materials in the possession of another federal – or even state – agency when the prosecutor is engaged in a joint investigation with that other agency or when the other agency is so closely aligned with the prosecution as to be considered part of the prosecution team or has contributed significantly to the investigation or prosecution. *United States v. Villa*, No. 3:12cr40, 2014 WL 280400, at *3 (D.Conn. Jan. 24, 2014) (citing *United States v. Gupta*, 848 F.Supp.2d 491, 493 (S.D.N.Y. 2012); *United States v. Finnerty*, 411 F.Supp.2d 428, 432 (S.D.N.Y. 2006)).

## III.  <u>Analysis</u>

White seeks production of training certificates, documents which reflect the dog's maintenance and field activities, and information regarding the dog's prior performance. White contends that these documents are material to his case in order to challenge the reliability of the drug detection dogs. Further, White argues that regardless if the records are the possession of various law enforcement departments, including the Louisiana State Police, the records in the Government's custody for purpose of Rule 16 because of the joint effort to investigate and arrest him. Further, White argues that he documents must be produced pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) because it is likely that the drug dogs' records contain exculpatory information. *Id.* at 4.

In response, the Government argues that: (1) the requests are unduly burdensome, (2) production of the materials could comprise the Government's confidential training techniques, (3) the Magistrate Judge's finding of probable cause to search the subject packages is entitled to great deference as he found that there was a substantial likelihood that a search would uncover drugs, and (4) evidence of a dog's training and reliability is not required to justify neither a warrantless search nor a search with a warrant.

The Court first notes that White's reliance on *Horton v. Goose Creek Independent School Dist.*, 690 F.2d 470 (5th Cir. 1982) is misguided. White uses *Horton* which is a civil case for the proposition that a detection dog's reliability must be supported by comprehensive records. In *Horton*, the Court evaluated whether a dog-sniff constituted a "search" under the Fourth Amendment. *Horton* involved whether a school district could subject their students, their lockers, and their automobiles to dog-sniffs in an attempt to find contraband. The Fifth Circuit held that an up-close canine sniff of a student while in school without reasonable suspicion does constitute a search under the Fourth Amendment. *Id.* at 481-82 ("The intrusion on the dignity and personal security that goes with the type of canine inspection of the student's person involved in this case cannot be justified by the need to prevent abuse of drugs and alcohol when there is no individualized suspicion."). Conversely, a dog sniffing cars and lockers in the school context does not constitute a search under the Fourth Amendment as the sniff occurred while the objects were unattended and positioned in public view. *Id.* at 476.

In *Horton*, the Fifth Circuit did not address the amount of discovery that is required to challenge the dog's reliability. Further, the Defendant did not cite a case nor has the Court's research revealed a case in which *Horton* was extended to the criminal context for discovery of the documentation that White seeks.

The issue boils down to what documents, if any, White is entitled to in order to challenge the reliability of "Spike" and "Boris." On that accord, the facts here are analogous to *United States v. Hare*, 932 F. Supp. 852 (E.D. Tx. 1996) which is a criminal case from the United States District Court for the Eastern District of Texas. There, Defendant sought discovery of a detection dog's training certificates and kennel papers. The Court denied the request. The Court reasoned that although some showing of training must be made, this does not "necessarily mean that the certification must be produced." *Id.* at 853. The Court held that the deputy's testimony that the dog was certified on the day of search was sufficient to establish the dog's training. *Id.*

Further, in *United States v. Stevenson*, 274 F. Supp. 819 (S.D. Tex. 2002), in a criminal matter, Defendant requested that the Court order the Government to prove the dog's reliability by producing certification documents and detailed training and field work records." *Id.* at 821. The Court denied the request. The Court examined relevant cases and found that "[t]o establish that a canine is trained and reliable, all that is required is credible testimony from the canine's handler as to the canine's training, certification, and performance." *Stevenson*, 274 F.Supp.2d at 822–23; *see also United States v. Washington*, 2012 WL 6827228, at *9 (S.D. Tex 2012) (citing *Stevenson*, 274 F.Supp.2d at 822–23) (noting that the Government is not required to produce field work records or detailed training records in order to establish reliability of the canine alert).

Here, in line with the above case law, the Government is not required to produce the vast documents that White seeks as testimony from the dogs' handler regarding to the dogs' training, certification, and performance is all that is required to establish the dog's reliability. However, the record is void of any such documentation as the Government has not submitted any evidence attesting to those items. Although the warrants mentions the dogs and their handler, limited information is provided as the warrants only mentions the name of the handlers, the name of the

dogs, and the type of drugs that they are certified to alert. *See* R. Doc. 57-2, p. 4; R. Doc. 57-4, p. 4. Accordingly, White's motion is granted to the extent that the Government shall produce an affidavit from "Spike" and "Boris" handlers that attest to the dogs' training, certification, and performance.

IV.    **Conclusion**

Accordingly,

**IT IS ORDERED** that Jermaine White's **Motion to Compel Discovery (R. Doc. 45)** is **GRANTED in part and DENIED in part**.

**IT IS GRANTED** to the extent that the Government shall produce documentation confirming that the detection dogs' ("Spike" and "Boris") have been trained and certified as well as the dates of the dogs' last completed re-certification or performance evaluation no later than **fourteen (14) days** from the signing of this Order.

**IT IS DENIED** as to White's requests for: (1) all training, testing or certification documents for the dogs; (2) all records showing the dog performances including incidents of false-positives alerts and accurate-positive alters and the number of each; (3) all medical or veterinary records of the dogs; (4) all weekly maintenance and/or structured maintenance training records for the dogs; and (5) all records and documentation of all field activities of the dogs including every instance where the dogs have altered and whether the alters were accurate positive or false positive, and the police service dog reports prepared in these searches of the two packages, and the same reports prepared in all actual field searches conducted by the dogs

New Orleans, Louisiana, this 20th day of September 2016.

KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE