UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES | CRIMINAL ACTION |
| VERSUS | NO. 16-40 |
| JERMAINE WHITE | SECTION "R" (4) |

## ORDER AND REASONS

Before the Court is defendant Jermaine White's *pro se* motion for hardship credit for hard time served.[1] The Government opposes the motion.[2] For the following reasons, the Court denies the motion.

## I.    BACKGROUND

On August 2, 2017, White pleaded guilty to one count in an indictment, which charged him with conspiracy to distribute and to possess with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846.[3] On October 2, 2019, the Court sentenced White to 120 months of

---

[1] R. Doc. 217.
[2] R. Doc. 219.
[3] R. Doc. 3 at 1-2; R. Doc. 106.

imprisonment, to be followed by a five-year term of supervised release.[4] At the time he filed the present motion, White was incarcerated at Three Rivers FCI in Texas.[5] White is presently incarcerated at FCI Bastrop, also in Texas, with a projected release date of August 16, 2024.[6]

On May 10, 2021, White filed a motion for hardship credit for hard time served.[7] White seeks an award of two days of credit for each of the 365 days he has spent on "lock-down status" at Three Rivers.[8] He alleges that his Fifth, Eight, and Fourteenth Amendment rights were violated beginning in March of 2020 when he alleges the lockdown was imposed.[9] Specifically, he represents that, during his time at Three Rivers, he experienced: (1) limited access to recreational services, (2) insufficient personal hygiene, (3) poor access to medical care, and (4) meals that fall below the federal prison standards for the dietary needs of inmates.[10] The Government opposes the

---

4   R. Doc. 187 at 2-3.
5   R. Doc. 217 at 4.
6   *See* Fed. Bureau of Prisons, *Find an Inmate*, https://bop.gov/inmateloc.
7   R. Doc. 217.
8   *Id.* at 3. In White's supplemental note, he states that, from October 27, 2020 through October 25, 2021, he was "shipped to Pollock FCI" and was "locked down in the shu [special unit housing]." R. Doc. 217-1. The Court thus construes White's request as one for hardship credit for his time both at Three Rivers and FCI Pollock.
9   R. Doc. 217 at 3, 6.
10  *Id.* at 4-5.

motion, noting that this Court lacks jurisdiction over White's motion because he is not incarcerated in the Eastern District of Louisiana.[11]

## II. DISCUSSION

After imposing a federal sentence, a district court's authority to "correct or modify" a sentence is limited to "the specific circumstances enumerated by Congress in 18 U.S.C. § 3582(b)." *United States v. Bridges*, 116 F.3d 1110, 1112 (5th Cir. 1997) (citing 18 U.S.C. § 3582(b)). Specifically, section 3582(b) authorizes a district court to modify a previously imposed sentence in the following situations:

> (1) when the court receives a motion . . . indicating [that] there are extraordinary and compelling reasons warranting a reduction and that reduction is consistent with applicable policy statements issued by the Sentencing Commission; (2) pursuant to Rule 35(c) of the Federal Rules of Criminal Procedure the district court, acting within 7 days after the imposition of sentence, corrects an arithmetical, technical, or other clear error identified in a previously imposed sentence; and (3) when a defendant who has been sentenced to a term of imprisonment based upon a sentencing range that has been subsequently lowered by the Sentencing Commission.

*Id.*; *see also United States v. Jones*, 796 F.3d 483, 486 (5th Cir. 2015) (noting that a sentencing court is authorized to make "only a limited adjustment to an otherwise final sentence," and lacks "plenary resentencing [power]").

---

[11] R. Doc. 219 at 3.

Once a defendant has been sentenced by the district court, the responsibility for administering that sentence is turned over to the Attorney General, acting through the Bureau of Prisons ("BOP"). *See United States v. Wilson*, 503 U.S. 329, 334 (1992) (noting that the BOP, not the district court, must compute jail-time credit). It is therefore the province of the BOP, not this Court, to determine whether White is entitled to the credit he seeks.

Moreover, to the extent that White seeks to challenge the constitutionality of his confinement, or the BOP's calculation of his sentence, this Court lacks jurisdiction to consider these challenges. "A section 2241 petition on behalf of a sentenced prisoner [that] attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, . . . must be filed in the same district where the prisoner is incarcerated." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). Because White is incarcerated in Texas, this Court lacks jurisdiction to consider his petition, and must therefore deny his petition without prejudice. *See Brito v. United States*, 419 F. App'x 435, 436 (5th Cir. 2011) (per curiam) (affirming the district court's "dismissal without prejudice to refiling in the appropriate district").

## III. CONCLUSION

For the foregoing reasons, the Court DENIES White's motion.

New Orleans, Louisiana, this __15th__ day of March, 2022.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE