UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES | CRIMINAL ACTION |
| VERSUS | NO. 16-40 |
| JERMAINE WHITE | SECTION "R" (4) |

### ORDER AND REASONS

Before the Court is defendant Jermaine White's *pro se* motions for (1) hardship credit for hard time served,[1] and (2) a sentencing reduction based on post-conviction rehabilitation under § 18 U.S.C. § 3742(e).[2]

The Government opposes both motions.[3] For the following reasons, the Court denies the motions.

### I.   BACKGROUND

On August 2, 2017, White pleaded guilty to one count in an indictment, which charged him with conspiracy to distribute and to possess with the intent to distribute 500 grams or more of a mixture or substance containing

---

[1]   R. Doc. 229.
[2]   R. Doc. 228.
[3]   R. Doc. 233.

a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846.[4] On October 2, 2019, the Court sentenced White to 120 months of imprisonment, to be followed by a five-year term of supervised release.[5] White is presently incarcerated at FCI Bastrop with a projected release date of August 16, 2024.[6]

On May 10, 2021, White filed a motion for hardship credit for hard time served.[7] On September 16, 2021, he filed a motion for reconsideration of his sentence based on post-sentencing rehabilitation programming under 18 U.S.C. § 3742(e).[8] On September 27, 2021, White filed a second motion for hardship credit for time served.[9]

On March 15, 2022, the Court denied White's first motion for hardship credit for time served.[10] Both the section 3742 motion and the second motion for hardship credit remain pending. The Government opposes both motions on jurisdictional grounds.[11] The Court considers the motions below.

---

[4] R. Doc. 3 at 1-2; R. Doc. 106.
[5] R. Doc. 187 at 2-3.
[6] See Fed. Bureau of Prisons, *Find an Inmate*, https://bop.gov/inmateloc.
[7] R. Doc. 217.
[8] R. Doc. 228.
[9] R. Doc. 229.
[10] R. Doc. 242.
[11] R. Doc. 233.

## II.   DISCUSSION

### A.   Motion for Hardship Credit

White again seeks credit for time served based on the conditions he has experienced while incarcerated during the COVID-19 pandemic.[12] Because White remains incarcerated outside of the Eastern District of Louisiana, the Court denies White's second motion for hardship credit on the same jurisdictional grounds as its denial of his first motion for hardship credit.[13] *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) ("A section 2241 petition on behalf of a sentenced prisoner [that] attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, . . . must be filed in the same district where the prisoner is incarcerated.").

### B.   Modification of Sentence Under Section 3742(e)

White additionally seeks to modify his sentence under 18 U.S.C. § 3742(e), based on the certificates and courses that he has completed during his incarceration.[14] But this Court lacks the jurisdiction to grant White the relief he seeks.  Section 3742 "does not provide a jurisdictional basis for [a]

---

12   R. Doc. 229.
13   The Court's order denying White's first motion for hardship credit is at R. Doc. 242.
14   R. Doc. 228.

3

motion to reduce," and the "provisions for modification of a sentence under § 3742 are available to a defendant only upon direct appeal of a sentence or conviction." *United States v. Early*, 27 F.3d 140, 142 (5th Cir. 1994). Here, because White did not file a direct appeal of his sentence, there is not a jurisdictional basis for defendant's motion. *See Oti v. United States*, No. 18-196, 2018 WL 3559154, at *2 (N.D. Tex. June 22, 2018) ("Section 3742 does not provide a jurisdictional basis for a district court to reduce a defendant's sentence[.] Rather Section 3742 authorizes a Circuit court to modify a sentence 'upon direct appeal of a sentence or conviction." (quoting *Early*, 27 F.3d at 142))).

Further, White's citation to the Supreme Court's decision in *Pepper v. United States*, 562 U.S. 476 (2011) is inapplicable to this case's procedural posture.[15] The holding in *Pepper* is that a court may consider a defendant's post-sentencing rehabilitation efforts when the court is imposing a new sentence on remand after a defendant's initial sentence has been set aside on appeal. *Id.* at 491. Here, because White is not before the Court on remand for a resentencing, *Pepper* does not remedy this Court's lack of jurisdiction. *See United States v. Moore*, 930 F. Supp. 2d 141, 145 n.3 (D.D.C. 2013) ("*Pepper* allows a court to consider post-sentencing rehabilitation in

---

[15] R. Doc. 228 at 1.

4

imposing a new sentence after a remand for resentencing."). Accordingly, because the Court lacks jurisdiction to consider White's section 3742 motion, it dismisses the motion without prejudice.

### III.  CONCLUSION

For the foregoing reasons, the Court DENIES White's motions.[16]

New Orleans, Louisiana, this __18th__ day of March, 2022.

*Sarah Vance*
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[16]   R. Docs. 228-229.