UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 16-40 |
| JERMAINE WHITE | SECTION "R" (4) |

### ORDER AND REASONS

Before the Court is defendant Jermaine White's motion for compassionate release under 18 U.S.C. § 3582.[1] The Government opposes the motion.[2] For the following reasons, the Court denies defendant's motion.

## I. BACKGROUND

On August 2, 2017, White pleaded guilty to one count in an indictment,[3] which charged him with conspiracy to distribute and to possess with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846.[4]

---

1   R. Doc. 236.
2   R. Doc. 239.
3   R. Doc. 106 at 1.
4   R. Doc. 3 at 1-2.

According to the factual basis that White signed, the United States Postal Inspection Service, Drug Enforcement Agency, and Louisiana State Police began investigating shipments of methamphetamine through the mail in August 2015.[5] The investigators identified White as the intended recipient of two packages of methamphetamine that were sent through the United States Postal Service from Los Angeles, California, to Houma, Louisiana.[6] The first package contained 655.2 grams of methamphetamine, with a purity level of 97.5 percent.[7] The second contained 443.1 grams, and a purity level of 99 percent.[8]

On August 26, 2015, investigators conducted a controlled delivery at the residence where White lived, and executed a search warrant.[9] Among other items, the investigators seized marijuana, a rifle, a revolver, $6,669 in cash, and body armor.[10] In a post-arrest statement, White admitted that the guns were his, and that he had acquired multiple pounds of methamphetamine and marijuana through the mail from an individual in California.[11]

---

[5]   R. Doc. 107 at 1.
[6]   *Id.*
[7]   *Id.* at 3.
[8]   *Id.* at 4.
[9]   *Id.*
[10]  *Id.* at 5.
[11]  *Id.*

2

On October 2, 2019, the Court sentenced White to 120 months of imprisonment, to be followed by a five-year term of supervised release.[12] White is presently incarcerated at FCI Bastrop, with a projected release date of August 16, 2024.[13] On February 11, 2021, defendant moved for compassionate release on the basis of his underlying medical conditions and the COVID-19 pandemic.[14] On April 30, 2021, the Court denied the motion.[15] On January 28, 2022, defendant again moved for compassionate release.[16] The Government opposes White's motion, representing that the "only fact that has changed since White's last filing is that he is now fully vaccinated."[17]

The Court considers defendant's motion below.

## II.   DISCUSSION

As a threshold matter, the Court finds that White has satisfied the exhaustion requirement for compassionate release. Before a federal court assesses the merits of a motion for compassionate release, the defendant must show that they have "fully exhausted all administrative rights to appeal

---

[12]  R. Doc. 187 at 2-3.
[13]  *See* Fed. Bureau of Prisons, *Find an Inmate*, https://bop.gov/inmateloc.
[14]  R. Doc. 207.
[15]  R. Doc. 215.
[16]  R. Doc. 221.
[17]  R. Doc. 239 at 4.

a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or that "30 days [have passed] from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582. The Fifth Circuit has clarified that "all requests for compassionate release must be presented to the Bureau of Prisons before they are litigated in the federal courts." *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020), *cert. denied*, No. 20-5997, 2020 WL 7132458 (U.S. Dec. 7, 2020). The defendant bears the burden of demonstrating exhaustion. *See, e.g.*, *United States v. Rodriguez*, No. 15-198, 2020 WL 5369400, at *2 (E.D. La. Sept. 8, 2020); *United States v. Murray*, No. 19-041, 2020 WL 4000858, at *2 (E.D. La. July 15, 2020); *United States v. Castro*, No. 15-309, 2020 WL 3076667, at *2 (E.D. La. June 10, 2020).

White submits documentation that, on December 20, 2021, he submitted a request for compassionate release to the warden of his facility.[18] Because 30 days lapsed between the date of White's request and his motion for compassionate release, the Court finds that defendant exhausted his administrative remedies, as required by 18 U.S.C. § 3582(c)(1)(A). Accordingly, the Court proceeds to the merits of White's motion.

---

[18]   R. Doc. 236-1 at 1.

Although White has shown he properly exhausted his administrative remedies, he has not shown that he meets the other requirements for compassionate release. Upon a prisoner's motion, a court may, after considering the sentencing factors set out in 18 U.S.C. § 3553(a), grant compassionate release if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021) (holding that, in evaluating a motion by an inmate, rather than the BOP, the district court "is bound only by § 3582(c)(1)(A)(i)" and "the sentencing factors in § 3553(a)").

When determining whether to modify a sentence under Section 3582(c)(1)(A), the Court must "consider[] the factors set forth in section 3553(a)." *See* 18 U.S.C. § 3582(c)(1)(A). Here, "the nature and circumstances of the offense and the history and characteristics of the defendant" militate against compassionate release. White was convicted of serious drug offenses involving large quantities of methamphetamine.[19] As set out in the presentence investigation report, which the Court adopted at sentencing,[20] White's role in the conspiracy was as an organizer.[21] Additionally, White has a significant criminal history, including convictions

---

| | |
|---|---|
| 19 | R. Doc. 187 at 1. |
| 20 | R. Doc. 188 at 1. |
| 21 | R. Doc. 183 at 8, ¶ 29. |

5

for theft, burglary, three separate domestic abuse incidents, false statements to FEMA in the wake of Hurricane Katrina, and possession of marijuana.[22]

White argues that, because he has completed over seventy-five percent of his sentence, his release would be consistent with the § 3553(a) factors.[23] Although courts consider whether defendants have served the majority of their time in deciding whether to grant compassionate release, just because White has served the majority of his sentence does not entitle him to compassionate release, especially when the other § 3553(a) factors do not weigh in favor of reducing defendant's sentence. The Court thus finds that the nature of White's drug offense, as well as his criminal history, militate against release.

Additionally, defendant has failed to demonstrate that there are "extraordinary and compelling reasons" meriting his release. 18 U.S.C. § 3582(c)(1)(A)(i). As with his previous compassionate-release motion, White again cites his underlying health condition of kidney stones as a risk factor that makes him more susceptible to becoming seriously ill from the

---

[22]  *Id.* at 10-13, ¶¶ 43-50.
[23]  R. Doc. 236 at 2.

virus.[24] White also notes that he suffers from obesity and "allergic rhinitis."[25] The Court finds that these medical conditions do not make White's case "extraordinary." *Cf. United States v. Grant*, No. 16-172, 2021 WL 149308, at *4 (W.D. La. Jan. 15, 2021) ("[W]hile obesity is an underlying medical condition that poses increased risk for severe illness from COVID-19, courts have found that obesity—alone or even paired with other medical conditions—does not provide adequate grounds for compassionate release."); *United States v. Long*, No. 14-367, 2021 WL 949757, at *2 (N.D. Tex. Mar. 12, 2021) (finding that a defendant's diagnoses of several conditions, including, obesity and allergic rhinitis, did not constitute extraordinary and compelling reasons for her release).

Further, the Court's previous finding that defendant's generalized fear of COVID-19 does not require his release applies with even greater force now that defendant has been vaccinated. *See United States v. Gibson*, No. 14-86, 2021 WL 3164176, at *2 (E.D. La. July 27, 2021) ("Courts have held that, once vaccinated, the efficacy of the COVID-19 vaccines preclude[s] the argument

---

[24] *Id.* As the Court previously stated in its Order and Reasons denying White's initial motion for compassionate release, the Centers for Disease Control and Prevention ("CDC") does not recognize kidney stones as an underlying medical condition that presents a higher risk of severe illness from COVID-19. *See* R. Doc. 215 at 9.

[25] *Id.*

7

that a prisoner's susceptibility to the disease is extraordinary and compelling for purposes of § 3582(c)(1)(A).").

The Court thus finds compassionate release is unwarranted for White.

### III. CONCLUSION

For the foregoing reasons, White's motion for compassionate release[26] is DENIED.

New Orleans, Louisiana, this __22nd__ day of March, 2022.

*Sarah Vance*
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[26]   R. Doc. 236.