UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                                NO. 16-40

JERMAINE WHITE                                 SECTION "R" (4)


**ORDER AND REASONS**


Before the Court is defendant Jermaine White's motion to vacate his conviction under 28 U.S.C. § 2255.[1]  The Government opposes the motion.[2]  For the following reasons, the Court denies defendant's motion.


## I.    BACKGROUND

On August 2, 2017, White pleaded guilty to one count in an indictment,[3] which charged him with conspiracy to distribute and to possess with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846.[4]

---

[1]    R. Doc. 221.
[2]    R. Doc. 224.
[3]    R. Doc. 106 at 1.
[4]    R. Doc. 3 at 1-2.

According to the factual basis that White signed, the United States Postal Inspection Service, Drug Enforcement Agency, and Louisiana State Police began investigating shipments of methamphetamine through the mail in August 2015.[5] The investigators identified White as the intended recipient of two packages of methamphetamine that were sent through the U.S. Postal Service from Los Angeles, California, to Houma, Louisiana.[6]   The first package contained 655.2 grams of methamphetamine, with a purity level of 97.5 percent.[7]   The second contained 443.1 grams, and a purity level of 99 percent.[8]

On August 26, 2015, investigators conducted a controlled delivery at the residence where White lived, and executed a search warrant.[9]   Among other items, the investigators seized marijuana, a rifle, a revolver, $6,669 in cash, and body armor.[10]   In a post-arrest statement, White admitted that the guns were his, and that he had acquired multiple pounds of methamphetamine and marijuana through the mail from an individual in California.[11]

---

[5]   R. Doc. 107 at 1.
[6]   *Id.*
[7]   *Id.* at 3.
[8]   *Id.* at 4.
[9]   *Id.*
[10]   *Id.* at 5.
[11]   *Id.*

On October 2, 2019, the Court sentenced White to 120 months of imprisonment, to be followed by a five-year term of supervised release.[12] White is presently incarcerated at FCI Bastrop, with a projected release date of August 16, 2024.[13] On June 21, 2021, White moved to vacate his conviction under 28 U.S.C. § 2255.  Defendant raises the following problems with his sentence: (1) the Court used the incorrect drug calculation in determining his offense level; (2) he improperly received a two-point enhancement for possession of firearms in connection with the drug offense; and (3) his PSR incorrectly states that he is ineligible for the Bureau of Prison's ("BOP") Residential Drug Abuse Program ("RDAP") because of his firearm possession enhancement.[14]  White asks the Court to correct his guideline calculation, grant him credit for time served, and remove any information from his PSR that would prevent him for receiving a reduction in his sentence.[15]

The Government opposes White's motion on the grounds that it is untimely, seeks relief that White waived in his plea agreement, is incorrect in its challenge to his sentencing guidelines, and raises complaints about the

---

[12]    R. Doc. 187 at 2-3.

[13]    *See* Fed. Bureau of Prisons, *Find an Inmate*, https://bop.gov/inmateloc.

[14]    R. Doc. 221 at 5-6.

[15]    *Id.* at 9.

execution of his sentence in the wrong jurisdiction.[16]  The Court considers defendant's motion below.

## II.  LEGAL STANDARD

Section 2255 of Title 28 of the United States Code provides that a federal prisoner serving a court-imposed sentence "may move the court which imposed sentence to vacate, set aside or correct the sentence."  28 U.S.C. § 2255(a).  Only a narrow set of claims are cognizable on a section 2255 motion: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the Court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack."  *Id.*  A claim of error that is neither constitutional nor jurisdictional is not cognizable in a section 2255 proceeding unless the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

When a section 2255 motion is filed, the district court must first conduct a preliminary review.  "If it plainly appears from the motion, any

---

[16]     R. Doc. 224.

attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing Section 2255 Proceedings, Rule 4(b). If the motion raises a non-frivolous claim to relief, the Court must order the Government to file a response or to take other appropriate action. *Id.* The Court may then order the parties to expand the record as necessary and, if good cause is shown, authorize limited discovery. Rules Governing Section 2255 Proceedings, Rules 6 & 7.

After reviewing the Government's answer and any supplementary materials submitted by the parties, the Court must determine whether an evidentiary hearing is warranted. Rules Governing Section 2255 Proceedings, Rule 8. The Court must hold an evidentiary hearing unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No evidentiary hearing is required if the prisoner fails to produce any "independent indicia of the likely merit of [his] allegations." *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)).

Ultimately, the petitioner bears the burden of establishing his claims of error by a preponderance of the evidence. *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980). For certain "structural" errors, relief follows

automatically once the error is proved. *Brecht v. Abrahamson*, 507 U.S. 619, 629-30 (1993). For other "trial" errors, the Court may grant relief only if the error "had substantial and injurious effect or influence" in determining the outcome of the case. *Id.* at 637-38 (citation omitted); *see also United States v. Chavez*, 193 F.3d 375, 379 (5th Cir. 1999) (applying *Brecht* in a section 2255 proceeding). If the Court finds that the prisoner is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

## III.   DISCUSSION

### A.   Timeliness

White's motion is untimely under section 2255's one-year limitations period. Section 2255(f) provides as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1)   the date on which the judgment of conviction becomes final;
>
> (2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, White's conviction became final 14 days after the Court issued its judgment on October 2, 2019,[17] when the time for filing a notice of appeal expired. *See United States v. Gamble*, 208 F.3d 536, 537 (5th Cir. 2000); *see also* Fed. R. App. P. 4(b)(1). White filed his first petition under section 2255 on November 6, 2020, with a signature date of October 23, 2020, and a postage date of November 3, 2020.[18] On April 30, 2021, the Court granted White's motion to dismiss his first section 2255 motion.[19] White then filed the instant petition on June 21, 2021.[20] Accordingly, over one year had passed between when White's conviction became final and when he filed his first or second section 2255 motion, thus making his present motion untimely.

---

[17]    R. Doc. 187.

[18]    R. Doc. 201.

[19]    R. Doc. 215.

[20]    R. Doc. 221.

White does not contend that any governmental action impeded his ability to request post-conviction relief. He also does not assert any right that has been newly recognized by the Supreme Court and made retroactively applicable to his case, or that he lacked facts to support his claim. Instead, White contends that his petition should be considered timely because his prison was on lockdown because of the COVID-19 pandemic.[21] Specifically, defendant states that, "[d]ue to Covid-19, [he] has been on lockdown for a year and a half" thus making it "very hard to go to the law library."[22] Section 2255's one-year limitations period "is not jurisdictional and, therefore, is subject to equitable tolling." *United States v. Petty*, 530 F.3d 361, 364 (5th Cir. 2008). "The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *Id.* (quoting *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000)). But tolling is permitted in only rare and exceptional circumstances, and the burden falls on the habeas petitioner to establish that tolling is appropriate. *Id.* at 364-65. The petitioner must show "(1) that he has been pursuing his

---

[21] R. Doc. 221 at 4, 8. In his reply, White also notes that while he was waiting to be transferred, the pandemic hit, thus requiring him to spend a year "in the shu [special housing unit]." R. Doc. 227 at 1.

[22] R. Doc. 221 at 8.

rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* at 365 (quoting *Lawrence v. Florida*, 549 U.S. 327, 336 (2007)).

Here, the Court finds that the COVID-19 pandemic and the restrictions on petitioner's library access are insufficient to warrant equitable tolling. White has failed to demonstrate that he was diligently pursuing his rights before the pandemic restricted his access to the law library. *See United States v. Thomas*, No. 18-135, 2020 WL 7229705, at *2 (E.D. La. Dec. 8, 2020) ("During the COVID-19 pandemic, courts have found that prisoners are not entitled to equitable tolling if there is no evidence that they diligently pursued their right to file a § 2255 motion prior to the lockdowns."). Notably, White had five months to file this motion between his sentencing in October 2019 and his institution's lockdown in March 2020, during which time there is no indication that he was pursuing section 2255 relief. Given that White has not explained why he was prevented from timely filing his petition before the pandemic, he has not alleged circumstances that entitle him to tolling. *See United States v. Barnes*, No. 18-154, 2020 WL 4550389, at *2 (N.D. Okla. Aug. 6, 2020) (finding that defendant had not diligently pursued his claims because "COVID-19 measures have been in effect since March 2020, and defendant could have filed his motion long before March 2020").

### B.   Merits

Even if White's petition were timely, his objections to his PSR's guideline calculations are not constitutional challenges and are barred by the collateral-review waiver in his plea agreement.   White objects to the PSR's calculation of his drug offense level and the two-level enhancement for his possession of a firearm.[23]   White's challenges to the Court's application of the guidelines and relevant enhancement are not constitutional challenges, and thus should not be raised on a section 2255 proceeding.   *See United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 1994) ("A district court's technical application of the Guidelines does not give rise to a constitutional issue cognizable under § 2255.").

Moreover, White waived his right to contest his sentence through his plea agreement.   "[A] defendant may waive his right to direct appeal and collateral attack of a conviction and sentence by means of a plea agreement, so long as the waiver is both knowing and voluntary." *United States v. Potter*, No. 13-141, 2015 WL 3486446, at *1 (E.D. La. June 1, 2015) (citing *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005)).   To determine whether a plea agreement bars a defendant from raising an issue on appeal, the Court considers "(1) whether the waiver was knowing and voluntary and

---

23    R. Doc. 221 at 5-6.

(2) whether the waiver applies to the circumstances at hand, based on the plain language of the agreement." *Bond*, 414 F.3d at 544.

White's plea agreement states that he knowingly and voluntarily gives up "any right to challenge the manner in which his sentence was determined and to challenge any United States Sentencing Guidelines determinations and their application by any judge to the defendant's sentence and judgment."[24] White and his attorney both signed this plea agreement,[25] and White does not contest that his plea agreement was voluntary. Upon review of the plea agreement and the record, the Court finds that White's waiver of his appeal rights was knowing and voluntary. The agreement also directly applies to White's challenges to the calculation of his sentencing guidelines. Accordingly, White is barred from challenging his two-level firearm enhancement or the calculation of his drug offense level.

Further, White's assertions in his petition that the drugs were "not 98%" and that he "never admitted to a gun being [his]" are directly contracted by White's factual basis.[26] White not only signed the factual basis,

---

[24]   R. Doc. 108 at 3.

[25]   *Id.*

[26]   R. Doc. 107 at 5 (Factual Basis) ("White admitted that the guns were his and for his protection"); *id.* at 4 ("Drug lab results have returned a purity of 99% for this methamphetamine with an amount of pure substance of 443.1 grams.").

but also stated under oath at his rearraignment that he had read the factual basis and that the facts stated therein were true.[27]  Thus, even if White were permitted to collaterally challenge the calculation of his guidelines, he has not established any basis for doing so.

As for White's challenge to the BOP's determination that he is ineligible for the RDAP program, this Court lacks jurisdiction to consider this challenge.   A petitioner's motion for habeas corpus relief is properly considered under section 2241 when it appears that petitioner "is challenging the manner in which his sentence is being executed rather than the validity of his conviction and sentence."  *United States v. Tubwell*, 37 F.3d 175, 177 (5th Cir. 1994).  "A section 2241 petition on behalf of a sentenced prisoner [that] attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, . . . must be filed in the same district where the prisoner is incarcerated."  *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).  Because White is incarcerated in Texas, this Court lacks jurisdiction to consider his petition, and must therefore deny his petition without prejudice.  *See Brito v. United States*, 419 F. App'x 435, 436 (5th Cir. 2011) (per curiam) (affirming the district court's "dismissal without prejudice to refiling in the appropriate district").

---

[27]      R. Doc. 106.

### C.    Certificate of Appealability

When a district court enters a final order adverse to a petition under

25 U.S.C. § 2255, the court must issue or deny a certificate of appealability.

Rules Governing Section 2255 Proceedings, Rule 11(a).  A court may issue a

certificate of appealability only if the petitioner makes "a substantial showing

of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   The

"controlling standard" for a certificate of appealability requires the petitioner

to show "that reasonable jurists could debate whether (or, for that matter,

agree that) the petition should have been resolved in a different manner or

that the issues presented [are] adequate to deserve encouragement to

proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Here, White's motion does not satisfy these standards.  For the reasons

stated in this order, the Court finds that White's arguments do not amount

to a substantial showing that his constitutional rights were compromised,

nor would they engender debate among reasonable jurists or deserve

encouragement to proceed further.  Accordingly, the Court will not issue a

certificate of appealability.

13

## IV.   CONCLUSION

For the foregoing reasons, the Court DENIES White's motion to vacate his sentence under 28 U.S.C. § 2255.  The Court will not issue a certificate of appealability.

New Orleans, Louisiana, this   25th   day of March, 2022.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

14