UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 16-40 |
| JERMAINE WHITE | SECTION "R" (4) |

## ORDER AND REASONS

Before the Court is defendant Jermaine White's motion for time credit under the First Step Act.[1] The Government opposes the motion.[2] For the following reasons, the Court denies defendant's motion.

### I.   BACKGROUND

On August 2, 2017, White pleaded guilty to Count One of an indictment,[3] which charged him with conspiracy to distribute and to possess with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846.[4]

---

[1] R. Doc. 247.
[2] R. Doc. 249.
[3] R. Doc. 106.
[4] R. Doc. 3 at 1-2.

According to the factual basis White signed, the United States Postal Inspection Service, Drug Enforcement Agency, and Louisiana State Police began investigating shipments of methamphetamine through the mail in August 2015.[5]  The investigators identified White as the intended recipient of two packages of methamphetamine that were sent through the United States Postal Service from Los Angeles, California, to Houma, Louisiana.[6] The first package contained 655.2 grams of methamphetamine, with a purity level of 97.5%.[7]  The second contained 443.1 grams, and a purity level of 99%.[8]

On August 26, 2015, investigators conducted a controlled delivery at the residence where White lived, and executed a search warrant.[9]  Among other items, the investigators seized marijuana, a rifle, a revolver, $6,669 in cash, and body armor.[10]  In a post-arrest statement, White admitted that the guns were his, and that he had acquired multiple pounds of methamphetamine and marijuana through the mail from an individual in California.[11]

---

[5]   R. Doc. 107 at 1.
[6]   *Id.*
[7]   *Id.* at 3.
[8]   *Id.* at 4.
[9]   *Id.*
[10]  *Id.* at 5.
[11]  *Id.*

On October 2, 2019, the Court sentenced White to 120 months of imprisonment, to be followed by a five-year term of supervised release.[12] White is presently incarcerated at Beaumont Low FCI, with a projected release date of September 25, 2024.[13] Defendant has filed a number of motions since he was sentenced, including two motions under 28 U.S.C. § 2255,[14] two motions for compassionate release,[15] and two motions for hardship credit for time served,[16] all of which were denied. In particular, the Court denied defendant's motions for hardship credit for time served on the grounds that this Court lacks jurisdiction to adjudicate complaints about the manner in which the Bureau of Prisons (the "BOP") carries out or calculates defendant's sentence in another district.[17]

Defendant now moves for time credit under the First Step Act.[18] The government opposes defendant's motion on the grounds that this Court lacks jurisdiction to resolve defendant's motion.[19]

The Court considers defendant's motion below.

---

[12] R. Doc. 187 at 2-3.
[13] *See* Fed. Bureau of Prisons, *Find an Inmate*, https://bop.gov/inmateloc.
[14] R. Docs. 201 & 221.
[15] R. Docs. 207 & 236.
[16] R. Docs. 217 & 229.
[17] R. Docs. 242 & 243.
[18] R. Doc. 247.
[19] R. Doc. 249.

## II.   DISCUSSION

After imposing a federal sentence, a district court's authority to "correct or modify" a sentence is limited to "the specific circumstances enumerated by Congress in 18 U.S.C. § 3582(b)." *United States v. Bridges*, 116 F.3d 1110, 1112 (5th Cir. 1997) (citing 18 U.S.C. § 3582(b)). Specifically, section 3582(b) authorizes a district court to modify a sentence in the following situations: "(1) when the court receives a motion . . . indicating [that] there are extraordinary and compelling reasons warranting a reduction and that reduction is consistent with applicable policy statements issued by the Sentencing Commission; (2) pursuant to Rule 35(c) of the Federal Rules of Criminal Procedure the district court, acting within 7 days after the imposition of sentence, corrects an arithmetical, technical, or other clear error identified in a previously imposed sentence; and (3) when a defendant who has been sentenced to a term of imprisonment based upon a sentencing range that has been subsequently lowered by the Sentencing Commission." *Id.*; *see also United States v. Jones*, 796 F.3d 483, 486 (5th Cir. 2015) (noting that a sentencing court is authorized to make "only a limited adjustment to an otherwise final sentence," and lacks "plenary resentencing [power]").

4

Once a defendant has been sentenced by the district court, the responsibility for administering that sentence is turned over to the Attorney General, acting through the BOP. *See United States v. Wilson*, 503 U.S. 329, 334 (1992) (noting that the BOP, not the district court, must compute jail-time credit). It is therefore the province of the BOP, not this Court, to determine whether White is entitled to the credit he seeks.

To the extent that White seeks to challenge the constitutionality of his confinement, or the BOP's calculation of his sentence, this Court lacks jurisdiction to consider the motion. Motions challenging the manner in which a sentence is calculated, including the BOP's calculation of FSA time credits, are treated as petitions for relief under 28 U.S.C. § 2241, which applies to inmates who are "in custody in violation of the Constitution or the laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also United States v. Tubwell*, 37 F.3d 175, 177 (5th Cir. 1994) (construing a motion that "challeng[es] the manner in which [a] sentence is being executed rather than the validity of [the] conviction and sentence" as a petition for habeas corpus pursuant to 28 U.S.C. § 2241). "A section 2241 petition on behalf of a sentenced prisoner [that] attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, . . . must be filed in the same district where the prisoner is incarcerated." *Pack v. Yusuff*, 218

F.3d 448, 451 (5th Cir. 2000). Because White is incarcerated in Texas, this Court lacks jurisdiction to consider his petition, and must therefore deny his petition without prejudice. *See Brito v. United States*, 419 F. App'x 435, 436 (5th Cir. 2011) (per curiam) (affirming the district court's "dismissal without prejudice to refiling in the appropriate district"); *see also Fuentes v. Warden, FCI Bastrop*, No. 22-357, 2022 WL 4110528, at *1 (E.D. Tex. Sept. 8, 2022) (holding that the court lacked subject-matter jurisdiction to resolve inmate's motion for time credits under the FSA because he was incarcerated in a different district).

### III. CONCLUSION

For the foregoing reasons, the Court hereby DENIES White's motion WITHOUT PREJUDICE to file in the district in which he is incarcerated.

New Orleans, Louisiana, this __22nd__ day of May, 2023.

*Sarah Vance*
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE